UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **ALLSTATE FINANCIAL SERVICES, LLC** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 4:23CV1015HEA |
| | ) |
| **MICHAEL P. NOLAN,** | ) |
| | ) |
| **Defendants** | ) |

## OPINION, MEMORANDUM AND ORDER

Plaintiff's Motion for Temporary Restraining Order, [Doc. No. 3] is now before the Court for consideration. Defendant has filed his response in opposition to the Motion. On August 22, 2023, the parties appeared in person for a hearing. The Court has reviewed the pleadings, exhibits and memoranda of law submitted by the respective parties, and has considered the arguments presented at the hearing. For the reasons set forth below, the Court concludes that a Temporary Restraining Order is not warranted, and the motion will be denied.

### Facts and Background[1]

Plaintiff Allstate Financial Services, LLC, ("AFS"), filed its motion for a TRO seeking to restrain Defendant from "exploiting AFS's confidential and proprietary information, from interfering with Plaintiff's long-standing customer

---

[1] The Court draws the facts in this section from Plaintiff's Complaint, Plaintiff's Memorandum in support of the instant motion, and Defendants' Response.

relationships, and from breaching the post-termination obligations and duties Defendant allegedly owes Plaintiff.

Plaintiff is a provider of financial products and services to individuals and businesses. It provides securities, mutual funds, and annuities for sales.  In addition to providing these products directly, Plaintiff appoints Registered Representatives to sell AFS products. Defendant was a Registered Representative until he advised Plaintiff that he no longer wished to be a Registered Representative of AFS. Defendant submitted his notification on July 17, 2023. It was processed by Plaintiff as of July 19, 2023.  Plaintiff also sets out that provides automobile property, and casualty insurance to individuals and businesses.  It provides these products directly and through independent exclusive agents.

Plaintiff required its Registered Representatives to sign a Confidentiality and Non-Competition Agreement which AFS uses to protect its customers' private information.  The compilation of data is what allows AFS to be competitive in the financial services market.

Defendant became a Registered Representative on May 16, 2013. As such, he solicited potential and existing AFS customers to purchase AFS products.  He agreed to protect AFS Confidential information and to abide by certain restrictive covenants. In executing the agreement, Defendant acknowledged the following confidential information:

[AFS] business plans; information regarding the names, addresses, and ages of policyholders or customers; types of policies or contracts; amounts of insurance; premium amounts; renewal dates of policies or contracts; policyholder or customer listings and any policyholder or customer information subject to any privacy law; claim information; certain information and material identified by [AFS] as confidential or information considered a trade secret as provided herein or by law; and any information concerning any matters affecting or relating to [AFS] pursuits that is not otherwise lawfully available to the public.

Further, Defendant agreed that for a period of one year following termination of the agreement, he would not solicit the purchase of registered products competitive with those sold by AFS or induce or advise any customer to lapse, surrender, or cancel any coverage:

- "[W]ith respect to any person, company or organization to whom [Nolan] sold registered products on behalf of AFS and who is a customer of AFS at the time of the termination of this Agreement;"

- "[W]ith respect to any person, company or organization who is a customer of AFS at the time of termination of this Agreement and whose identity was discovered as a result of [Nolan's] status as a registered representative of AFS or as a result of [Nolan's] access to confidential information of AFS;" and

- "[F]rom any office or business site located within one mile of any location from which [Nolan] solicited or sold registered products during the year immediately preceding termination of this Agreement."

Plaintiff claims Defendant breached the agreement by printing and copying AFS Confidential Information and by soliciting AFS's customers while working for a competitor of AFS.

3

At the hearing, the parties argued in support of their respective positions.

## Legal Standard

The standard for issuance of the "extraordinary and drastic remedy" of a temporary restraining order or a preliminary injunction is very high, *see Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997), and by now very well established. Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant, (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant, (3) the probability that movant will succeed on the merits, and (4) the public interest." *Dataphase Sys., Inc. v. C.L. Sys., Inc.,* 640 F.2d 109, 113 (8th Cir. 1981). The same factors govern a request for a temporary restraining order. *Roberts v. Davis*, 2011 WL 6217937, at *1 (E.D. Mo. Dec. 14, 2011). None of the four factors "is determinative," and each must be examined "in the context of the relative injuries to the parties and the public." *Dataphase*, 640 F.2d at 113. "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Id*.

## Discussion

Subject Matter Jurisdiction

The Court must first address Defendant's challenge that the Court lacks subject matter jurisdiction over this matter. Defendant argues that this dispute is subject to arbitration and therefore the Court cannot entertain the motion for TRO.

Plaintiff contends that in spite of the parties' agreement to arbitrate disputes, the Court maintains the ability to address the motion. The Court agrees. As specifically provided in the parties' agreement, AFS retained the right to seek Injunctive relief by a court of competent jurisdiction.

> You recognize that a breach of the foregoing provisions will cause irreparable damage to our business and that such damage is difficult or impossible to measure. You agree that in the event of such breach, AFS, in addition to such other rights and remedies it may have, will be entitled to an order granting injunctive relief from any court of competent jurisdiction against any act which would violate any such provision... and you waive any defense to an application for such order, except that the violation [sic] did not occur.

Dataphase Factors

Defendant has submitted his declaration that he has no confidential information belonging to Plaintiff. He declares, under penalty of perjury that he left any information that may have qualified as AFS's confidential information at the office which is rented by an agent of Plaintiff. He has not returned to the office since he resigned as a Registered Representative. While Plaintiff disagrees with this declaration and argues its speculation that Defendant and his employee copied and printed a large number of pages, Plaintiff has produced no admissible evidence to controvert Defendant's declaration.

5

Likewise, Plaintiff argues that since it has lost several customers since Defendant ceased being affiliated with Plaintiff, Plaintiff has produced no evidence that Defendant's declaration that he has not solicited Plaintiff's customers is not truthful. Indeed, Plaintiff admitted that Defendant is at liberty to sell products to its customers absent solicitation of the customers.  Selling products and solicitation to sell products are two distinct actions, the former falling within the realm of acceptable action Defendant can take without running afoul of the agreement.

Plaintiff argues that the mere fact of the number of customers that have left since Defendant left demonstrates that Defendant's statements fall flat and are not truthful. The fact that Plaintiff disagrees with Defendant's declaration does not establish its untruthfulness.

Considering Defendant's declaration that he has not retained any confidential information belonging to Plaintiff and has not *solicited* any of Plaintiff's customers and Plaintiff's failure to controvert the declaration with admissible evidence rather than speculation, Plaintiff is unable to bear the heavy burden of establishing irreparable harm, likelihood of success on the merits, balance of harms in favor of Plaintiff over the harm to Defendant, and public interest in resolving issues through more than speculation.  Accordingly, the Motion for a temporary restraining order must be denied at this time.

## **Conclusion**

For the reasons stated above, entry of a temporary restraining order is not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for a Temporary Restraining Order, [Doc. No. 3], is **denied**.

Dated this 25th day of August 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE